UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PETERS BROADCAST ENGINEERING, INC.,** ) | **CASE NO. 1:19 CV 155** |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | |
| ) | **ORDER OF REMAND** |
| **EMERALD DESIGN & CONSTRUCTION,** ) | |
| ) | |
| Defendant. ) | |

This case is before the Court on the Emergency Motion of Plaintiff Peters Broadcast Engineering, Inc. to Remand, for Sanctions and Attorneys Fees ("Emergency Motion"). **Doc #: 2.** For the following reasons, the Court **GRANTS** the Emergency Motion to Remand, but **DENIES** the Motion for Sanctions and Attorneys Fees.

On November 21, 2018, Plaintiff Peters Broadcasting Engineering, Inc. ("Peters"), an Indiana company, filed a Verified Complaint for a Temporary Restraining Order, Preliminary Injunction, Permanent Injunction against Defendant Emerald Design & Construction ("Emerald"), an Ohio company, in the Cuyahoga County, Ohio, Court of Common Pleas, under Case No. 18 907311. The Verified Complaint sought equitable relief related to a contract between Peters and Emerald for services performed by Peters' engineers but not paid by Emerald. At the temporary injunction hearing held on November 26, 2018, the parties agreed to conduct expedited discovery, and reconvene for a preliminary injunction hearing. On December 21, 2018, the hearing was held and the court denied Peters' motion for temporary and

preliminary injunctive relief. Emerald subsequently filed a motion for summary judgment. On January 15, 2019, Peters filed an amended complaint alleging claims for breach of contract and unjust enrichment.

On January 21, 2019, Emerald removed the case to federal court based purportedly on this court's diversity jurisdiction under 28 U.S.C. § 1332(a). Doc #: 1. Emerald also asserted that removal was timely because the amended complaint was the first pleading that alleged claims for monetary damages–although Emerald failed to cite a federal statute or any case law supporting that proposition. Id. ¶ 6-9.

In response, Peters filed the pending Emergency Motion. Doc #: 2. Peters argued that removal of this case was a calculated tactic to disrupt expedited discovery underway in state court leading up to a scheduled February 11, 2019 trial, and to avoid the deposition of Emerald's representative that was scheduled on January 23, 2019. Id. at 1. Peters also sought attorney fees as the removal was frivolous and required Peters to lose preparation time for the deposition and to expend time and resources responding to the removal. Id.

On January 22, 2019, Peters' Counsel, Attorney Percy Squire, contacted a member of the Court's staff to notify chambers of the Emergency Motion and concern over whether the January 23 deposition of Emerald's representative was going forward. The Court's staff then contacted Emerald's Counsel, Jay Crook, to ensure that the January 23rd deposition was going forward despite removal. Attorney Crook affirmed that the deposition was going forward.

Under the federal removal statute, a civil action otherwise removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants *is a citizen of the State in which such action is brought.*" 28 U.S.C.

-2-

1441(b)(2) (emphasis added).  Defendant Emerald is an Ohio corporation.  Accordingly, there was no sound basis for removal.

Emerald has now filed an Opposition Brief.  Doc #: 3.  Emerald argues that Attorney Squire has been threatening to file an FLSA claim against Emerald in federal court, and has attached several email chains between Attorney Squire and Emerald's "federal" counsel, James Grendell, evidencing their communications.  Suffice to say that, regardless of counsel's dealings and tactics involving state and federal claims and where they are going to be filed, nothing in Emerald's opposition brief explains why the case should not be remanded based on clear federal law.

Because Emerald had no basis whatsoever upon which to remove the case to federal court, the Court **GRANTS** the Emergency Motion to Remand.  Accordingly, the Court **DIRECTS** the Clerk of Court to **REMAND** this case to Cuyahoga County Common Pleas Court.

That said, because Emerald has provided evidence of Attorney Squire's musings regarding what claims he plans to file and where, the Court **DENIES** the Motion for Sanctions.

**IT IS SO ORDERED.**

>*/s/ Dan A. Polster   January 23, 2019*
>**Dan Aaron Polster**
>**United States District Judge**